FILED

AUG 21 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Nathan Parsons**
**2103 Knox Avenue,**
**Pittsburg, California 94565**

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

CHAU CHUNG,

Plaintiff,

1.

NATHAN KENNETH PARSONS,

Defendant.

**NOTICE OF REMOVAL**

C 26 08754 LJC

**STATE COURT CASE# PS26-0904]**

---

**NOTICE OF REMOVAL**

Defendant Nathan Kenneth Parsons ("Defendant"), through counsel, hereby removes the above-captioned action from the Superior Court of California, County of Contra Costa, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 1331, 1441(a), 1443(1), and 1446. In support of removal, Defendant states the following:

**Introduction**

1. This is a residential unlawful detainer action filed by Plaintiff Chau Chung ("Plaintiff" or "Chung") seeking possession of a single-family residence located at 2103 Knox Avenue, Pittsburg, California 94565 (the "Property"). The complaint alleges nonpayment of rent in the

amount of $5,300 and demands possession, past-due rent, and costs totaling $6,300. Defendant Nathan Kenneth Parsons is a person with a physical disability who resides at the Property.

2. This is not a routine landlord-tenant dispute over unpaid rent. In May 2026, Defendant exercised his federally protected right under the Fair Housing Act, 42 U.S.C. Section 3604(f)(3)(A), to request wheelchair accessibility ramps at the Property. Plaintiff refused to engage in any interactive process. Instead, Plaintiff made oral threats to evict Defendant and then filed this unlawful detainer action on August 7, 2026, using a pretextual nonpayment claim to manufacture grounds for removal of a disabled tenant who had asserted his civil rights. The eviction is the instrument of retaliation prohibited by 42 U.S.C. Section 3617. Because Plaintiff's right to possession necessarily depends on whether the nonpayment claim is genuine or is instead a pretext for retaliation prohibited by federal law, this Court has original jurisdiction under 28 U.S.C. Section 1331 and the action is removable under 28 U.S.C. Section 1441(a). Removal is independently proper under 28 U.S.C. Section 1443(1).

**Parties**

3. Plaintiff Chau Chung is an individual residing at 285 Broad Street, San Francisco, California 94112. Plaintiff is the owner and landlord of the Property. Plaintiff appears in the State Court Action in propria persona.

4. Defendant Nathan Kenneth Parsons is an individual residing at 2103 Knox Avenue, Pittsburg, California 94565. Defendant is a person with a physical disability that substantially limits one or more major life activities, including mobility, within the meaning of the Fair Housing Act, 42 U.S.C. Section 3602(h), and the Americans with Disabilities Act, 42 U.S.C. Section

12102. Defendant requires wheelchair accessibility modifications, including ramps, to safely access and use the Property.

**The State Court Action**

5. On or about August 7, 2026, Plaintiff filed a complaint for unlawful detainer (Judicial Council Form UD-100) against Defendant in the Superior Court of California, County of Contra Costa, Richard E. Amason Justice Center, Case No. PS26-0904 (the "State Court Action").

6. The complaint alleges a month-to-month tenancy at a monthly rent of $2,100. It is based on a three-day notice to pay rent or quit, alleging $5,300 in unpaid rent. The complaint demands possession, $6,300 in damages, and costs. The complaint includes an election of forfeiture. The case is classified as a limited civil case (amount demanded does not exceed $10,000).

7. The three-day notice was served by Jon C. Zhu on behalf of all defendants who signed the rental agreement.

8. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Exhibit A.

**Timeliness**

9. Defendant received service of the summons and complaint in the State Court Action on or about [DATE OF SERVICE], 2026. This Notice of Removal is filed within thirty (30) days of Defendant's receipt of service, as required by 28 U.S.C. Section 1446(b)(1).

**Statement of Facts**

10. The Property is a single-family residence located at 2103 Knox Avenue, Pittsburg, California 94565. The Property was constructed in approximately 1953 and consists of approximately 1,033 square feet with three bedrooms and one bathroom. Defendant has been a residential

tenant at the Property under a month-to-month tenancy with Plaintiff at a monthly rent of $2,100.

11. Defendant has a physical disability that substantially limits his mobility. Defendant requires wheelchair accessibility modifications, including ramps, to safely enter, exit, and move about the Property. Defendant's disability constitutes a "handicap" within the meaning of the Fair Housing Act, 42 U.S.C. Section 3602(h), and a "disability" within the meaning of the Americans with Disabilities Act, 42 U.S.C. Section 12102.

12. In or about May 2026, Defendant requested that Plaintiff permit the installation of wheelchair accessibility ramps at the Property. This request constituted a request for a reasonable modification under 42 U.S.C. Section 3604(f)(3)(A) and was a protected activity under the Fair Housing Act.

13. Plaintiff did not engage in any interactive process to evaluate Defendant's modification request. Plaintiff did not discuss the request with Defendant, did not propose alternative modifications, and did not provide any written or substantive response to the request. Instead, following Defendant's request, Plaintiff made oral threats to evict Defendant from the Property.

14. After making oral threats of eviction, Plaintiff filed the State Court Action on August 7, 2026, alleging nonpayment of rent in the amount of $5,300 based on a three-day notice to pay rent or quit.

15. The nonpayment claim is pretextual. Prior to Defendant's May 2026 modification request, Plaintiff took no steps to terminate the tenancy, made no oral or written demands for unpaid rent, and initiated no eviction proceedings. The sequence of events — Defendant's exercise of his FHA right to request a reasonable modification, followed by Plaintiff's oral threats to

evict, followed by Plaintiff's filing of this unlawful detainer action — establishes that the true motivation for the eviction is retaliation for Defendant's assertion of his federal civil rights, not any genuine dispute over unpaid rent.

16. The temporal proximity between Defendant's May 2026 modification request and Plaintiff's August 7, 2026 eviction filing — approximately three months — establishes a direct causal link between Defendant's exercise of his FHA rights and Plaintiff's adverse action. The intervening oral threats to evict further confirm that Plaintiff's course of conduct was directed at punishing Defendant for requesting disability-related modifications.

**Grounds for Removal**

**Federal Question Jurisdiction Under 28 U.S.C. Section 1331 — The Grable Doctrine**

17. Under Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005), a state-law claim arises under federal law when a federal issue is: (i) necessarily raised by the plaintiff's claim; (ii) actually disputed between the parties; (iii) substantial; and (iv) capable of resolution in federal court without disrupting the congressionally approved balance of federal and state judicial responsibilities.

18. This case satisfies all four Grable elements.

19. **The Federal Issue Is Necessarily Raised.** Plaintiff's unlawful detainer claim requires proof that the three-day notice was served in good faith based on a genuine nonpayment of rent and that Plaintiff has a lawful right to possession. Cal. Code Civ. Proc. Section 1161(2). If the nonpayment claim is a pretext for retaliation against Defendant's exercise of his FHA right to request a reasonable modification, the three-day notice and the eviction action violate 42 U.S.C. Section 3617 and cannot support a judgment of possession. A notice to quit served as an instrument of retaliation for the exercise of federal civil rights is void as contrary to federal

law. The FHA question is therefore necessarily raised by Plaintiff's own claim: Plaintiff cannot establish a lawful right to possession without this Court first determining that the three-day notice and the eviction were not retaliatory acts prohibited by Section 3617.

20. This is not a case in which a federal defense is grafted onto an otherwise independent state claim. In the typical unlawful detainer removal, the defendant raises a federal defense that is collateral to the landlord's right to possession. Here, the federal issue goes to the existence of the landlord's right to possession itself. Plaintiff's complaint pleads a facially neutral nonpayment claim, but the complaint is the instrument of a retaliatory scheme that began with Defendant's May 2026 modification request and escalated through oral threats to this eviction filing. The FHA question — whether the nonpayment claim is genuine or pretextual retaliation — is embedded in the plaintiff's claim, not merely interposed as a defense.

21. **The Federal Issue Is Actually Disputed.** The parties dispute whether the eviction is based on genuine nonpayment or is pretextual retaliation for Defendant's exercise of his FHA rights. Plaintiff contends $5,300 in rent is owed. Defendant contends the nonpayment claim was manufactured as a pretext to evict him in retaliation for requesting wheelchair ramps.

22. **The Federal Issue Is Substantial.** The federal issue is dispositive: if the three-day notice and the eviction action violate Section 3617, the entire unlawful detainer action fails. This is not a collateral or peripheral federal question. It determines whether Plaintiff has any right to the relief sought. Moreover, this case implicates the critical federal interest in preventing housing providers from using facially neutral state court proceedings as instruments of disability discrimination. Congress enacted Section 3617 to ensure that housing providers cannot weaponize eviction proceedings to punish tenants for asserting their civil rights. See 42 U.S.C. Section 3617; see also Bloch v. Frischholz, 587 F.3d 771, 783 (7th Cir. 2009) (en

banc) (Section 3617 "is broader than the anti-discrimination provisions" and "extends to all practices which have the effect of interfering with the exercise of rights under Section 3604").

23. The use of a pretextual nonpayment claim to mask retaliatory intent makes this case particularly appropriate for federal adjudication. A state court adjudicating a summary unlawful detainer proceeding is structurally ill-equipped to look behind a facially valid three-day notice to determine whether the nonpayment claim is genuine or is instead a pretext for retaliation prohibited by federal law. That inquiry — into motive, pretext, and the causal connection between protected activity and adverse action — is the core competency of federal civil rights adjudication.

24. **Federal Jurisdiction Will Not Disrupt the Federal-State Balance.** The state's legitimate interest in efficient landlord-tenant dispute resolution does not encompass an interest in facilitating eviction actions that are themselves instruments of federal civil rights violations. When the unlawful detainer is the retaliatory act prohibited by federal law, the federal interest in adjudicating the legality of that action outweighs the state interest in expedited possession proceedings. Federal courts routinely exercise jurisdiction over FHA claims arising from retaliatory evictions. See, e.g., Sinisgallo v. Town of Islip Hous. Auth., 865 F. Supp. 2d 307 (E.D.N.Y. 2012) (exercising jurisdiction over FHA disability claims and enjoining state eviction proceedings); Roe v. Sugar River Mills Assocs., 820 F. Supp. 636 (D.N.H. 1993) (exercising jurisdiction over FHA disability claims arising from eviction); United States v. Fairfax Manor Grp., LLC, No. 2:22-cv-02261 (W.D. Tenn.) (DOJ enforcement action against landlord who filed eviction in retaliation for tenant's exercise of FHA rights).

**Civil Rights Removal Under 28 U.S.C. Section 1443(1)**

25. Section 1443(1) provides for removal of any civil action "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States."

26. The Fair Housing Act was enacted as Title VIII of the Civil Rights Act of 1968, Pub. L. 90-284, 82 Stat. 81. The Fair Housing Amendments Act of 1988, Pub. L. 100-430, 102 Stat. 1619, extended the FHA's protections to persons with disabilities, providing for equal rights in housing regardless of handicap. 42 U.S.C. Section 3604(f). These protections are civil rights stated in terms of equality — equality for persons with disabilities in the exercise and enjoyment of housing rights — and fall within the scope of Section 1443(1).

27. The Supreme Court in Georgia v. Rachel, 384 U.S. 780, 794-800 (1966), held that Section 1443(1) permits removal when the very state court proceeding is the means by which the defendant's federal civil rights are being denied. Here, the unlawful detainer action is itself the retaliatory act that violates Section 3617. Allowing the State Court Action to proceed to a judgment of possession would accomplish the federal civil rights violation. The state court's expedited unlawful detainer procedure prevents Defendant from enforcing his federal rights for the following reasons:

(i) California's unlawful detainer procedure is a summary proceeding. Defendant has only ten (10) court days to respond to the complaint. Cal. Code Civ. Proc. Section 1167. Trial may be set as early as twenty (20) days after a request. Cal. Code Civ. Proc. Section 1170.5.

(ii) Discovery in unlawful detainer proceedings is severely restricted. Cal. Code Civ. Proc. Section 1170.8. The truncated discovery schedule does not afford Defendant adequate time to develop evidence of discriminatory intent and retaliatory motive — evidence that typically

requires depositions, document production, interrogatories, and potentially expert testimony regarding the pretextual nature of the nonpayment claim.

(iii) Unlawful detainer proceedings are limited in scope to the right to possession. Cal. Code Civ. Proc. Section 1174. The state court may decline to adjudicate Defendant's affirmative federal civil rights claims, including claims for compensatory and punitive damages, injunctive relief, and declaratory relief under the FHA and ADA.

(iv) The structural inadequacy of the state court's summary procedure to adjudicate complex federal civil rights claims — particularly the pretext inquiry required to determine whether a facially neutral nonpayment claim masks retaliatory intent — amounts to a denial of Defendant's right to enforce his FHA protections.

**The Unlawful Detainer Action Is Itself a Violation of 42 U.S.C. Section 3617**

28. Section 3617 of the FHA provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. Section 3617.

29. Defendant exercised his right under Section 3604(f)(3)(A) to request a reasonable modification — the installation of wheelchair accessibility ramps — in May 2026. A request for a reasonable modification is a protected activity under the FHA regardless of whether the request is ultimately granted. See Neudecker v. Boisclair Corp., 351 F.3d 361, 364 (8th Cir. 2003) (a request for a reasonable accommodation is protected activity).

30. Plaintiff responded to Defendant's modification request not by engaging in the interactive process required by the FHA, but by making oral threats to evict Defendant and then filing

this unlawful detainer action using a pretextual nonpayment claim. The oral threats and the filing and prosecution of the unlawful detainer action constitute acts of coercion, intimidation, and interference prohibited by Section 3617. The use of a facially neutral nonpayment claim to disguise retaliatory intent does not insulate the eviction from Section 3617 scrutiny. See Bloch v. Frischholz, 587 F.3d at 783 (Section 3617 reaches conduct that has "the effect of interfering with the exercise of rights under Section 3604," regardless of the form the interference takes).

31. To establish a prima facie claim of retaliation under Section 3617, a plaintiff must show: (i) he engaged in protected activity; (ii) the defendant subjected him to an adverse action; and (iii) a causal connection exists between the protected activity and the adverse action. See Walker v. City of Lakewood, 272 F.3d 1114, 1128 (9th Cir. 2001). All three elements are established here:

(i) Defendant engaged in protected activity by requesting wheelchair accessibility ramps under Section 3604(f)(3)(A) in May 2026.

(ii) Plaintiff subjected Defendant to adverse actions: oral threats of eviction following the modification request, and the filing of this unlawful detainer action on August 7, 2026.

(iii) The close temporal proximity — approximately three months between the protected activity and the eviction filing, with intervening oral threats of eviction — is probative of retaliatory intent. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-68 (2006); Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002) ("causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity"). The absence of any eviction activity prior to the modification request, combined

with the escalating pattern of oral threats followed by litigation, further confirms the causal connection.

32. In Georgia v. Rachel, the Supreme Court permitted removal of state trespass prosecutions when the prosecutions themselves were the means of enforcing racial discrimination in violation of federal civil rights law. 384 U.S. at 804-05. The Court recognized that when the state court proceeding is itself the federal violation, removal is the appropriate mechanism to vindicate federal rights. Here, the unlawful detainer action is the means of retaliating against Defendant for exercising his FHA disability rights. The state proceeding is not merely the forum in which a federal defense will be raised — it is the weapon being used to accomplish the federal violation. The use of a pretextual nonpayment claim to give the eviction a facially legitimate appearance only underscores the need for federal adjudication, as the pretext inquiry is precisely the kind of analysis that federal courts are equipped to conduct and that state summary proceedings are not.

33. Even if the Property qualifies for the limited exemption under 42 U.S.C. Section 3603(b)(1) for certain single-family home transactions, that exemption applies only to Sections 3604, 3605, and 3606. It does not apply to Section 3617. The prohibition on retaliation and interference under Section 3617 applies to all housing providers, including owners of single-family homes, regardless of any exemption from the substantive discrimination provisions. See Wilkey v. Pyramid Constr. Co., No. 619CV1818ORL78GJK, 2019 WL 6337791, at *4 (M.D. Fla. Nov. 27, 2019) (Section 3617 claims are independent of Sections 3604-3606 and are not subject to the same exemptions). Moreover, the right to request a reasonable modification is a right "granted or protected by" Section 3604, and Section 3617 protects

persons who have exercised that right — even where the underlying right might not ultimately have required the modification to be granted.

**Automatic Stay of State Court Proceedings**

34. Upon the filing of this Notice of Removal, the State Court Action is automatically stayed. The Superior Court of California, County of Contra Costa, shall proceed no further unless and until this action is remanded. 28 U.S.C. Section 1446(d).

**Notice to Adverse Parties and State Court**

35. Promptly after filing this Notice of Removal, Defendant will serve written notice of the filing upon Plaintiff and upon the Clerk of the Superior Court of California, County of Contra Costa, as required by 28 U.S.C. Section 1446(d).

**Prayer**

WHEREFORE, Defendant Nathan Kenneth Parsons respectfully requests that this Court:

(i) Accept removal of the State Court Action, Superior Court of California, County of Contra Costa, Case No. PS26-0904, to this Court;

(ii) Retain jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1443(1);

(iii) Deny any motion to remand this action to state court;

(iv) Grant such other and further relief as this Court deems just and proper.

Dated: 8/21, 2026

Respectfully submitted,

NP

Defendant Nathan Kenneth Parsons

:

# SUMMONS—EVICTION
## (CITACIÓN JUDICIAL—DESALOJO)
### UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY
### (RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
AUG 07 2026
S. LIND CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By M. JOHNSON, Deputy Clerk

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Nathan Kenneth Parsons

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Chau Chung

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 10 days. You have 10 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

If this summons was served through the Secretary of State's Safe at Home address confidentiality program, you have 15 days from the date of service, not counting Saturdays and Sundays and other judicial holidays, to respond.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the Self-Help Guide to the California Courts (selfhelp.courts.ca.gov), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the Self-Help Guide to the California Courts (selfhelp.courts.ca.gov), or by contacting your local court or county bar association.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 10 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 10 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Si la presente citación le ha sido entregado a través del programa de dirección confidencial del Secretario del Estado Seguro en Casa, tiene 15 días después de la fecha de entrega, sin contar sábado y domingo y otros días feriados del tribunal, para responder.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en la Guía de Ayuda de las Cortes de California (selfhelp.courts.ca.gov/es), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpca.org/es), en la Guía de Ayuda de las Cortes de California (selfhelp.courts.ca.gov/es), o poniéndose en contacto con la corte o el colegio de abogados local.*

***EXENCIÓN DE CUOTAS:*** *Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.* ***AVISO:*** *Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier monto de $10,000 ó más recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

CASE NUMBER *(número de caso)*: PS26-0904

1. The name and address of the court is: *(El nombre y dirección de la corte es):*
   Richard E. Arnason Justice Center
   1000 Center Drive Pittsburg CA 94565

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Chau Chung (415)-632-7135 285 Broad Street, San Francisco CA 94112

| PLAINTIFF (Name): | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): | |

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415)** ☐ **did not** ☐ **for compensation give advice or assistance with this form.** ***(If plaintiff has received any help or advice for pay from an unlawful detainer assistant,*** *complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date)*:

Date: 8/7/26 AUG 07 2026 Clerk, by *(Secretario)* , Deputy *(Adjunto)*
*(Fecha)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons *(form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as an occupant.
   d. ☐ on behalf of *(specify)*:
      under ☐ CCP 416.10 (corporation). ☐ CCP 416.60 (minor).
      ☐ CCP 416.20 (defunct corporation). ☐ CCP 416.70 (conservatee).
      ☐ CCP 416.40 (association or partnership). ☐ CCP 416.90 (authorized person).
      ☐ CCP 415.46 (occupant). ☐ other *(specify)*:
   e. ☐ by personal delivery on *(date)*:



Clear Print Save

UD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY — STATE BAR NUMBER:
NAME: Chau Chung
FIRM NAME:
STREET ADDRESS: 285 Broad Street
CITY: San Francisco STATE: CA ZIP CODE: 94124
TELEPHONE NO.: (415)-632-7135 FAX NO.:
EMAIL ADDRESS: Chauchung2018@gmail.com
ATTORNEY FOR (name):

FOR COURT USE ONLY

FILED
AUG 07 2026
CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By M. JOHNSON, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 1000 Center Dr. Pittsburg, CA 94565
MAILING ADDRESS: 1000 Center Dr. Pittsburg, CA 94565
CITY AND ZIP CODE: Pittsburg, CA 94565
BRANCH NAME: Richard E. Arnason Justice Center

PLAINTIFF: Chau Chung
DEFENDANT: Nathan Kenneth Parsons
☒ DOES 1 TO 10

## COMPLAINT—UNLAWFUL DETAINER*

☒ COMPLAINT ☐ AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: PS26-0904

Jurisdiction *(check all that apply):*

☒ **ACTION IS A LIMITED CIVIL CASE** (amount demanded does not exceed $35,000)
Amount demanded ☒ does not exceed $10,000
☐ exceeds $10,000
☐ **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $35,000)
☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint *(check all that apply):*
☐ from unlawful detainer to general unlimited civil (possession not in issue). ☐ from limited to unlimited.
☐ from unlawful detainer to general limited civil (possession not in issue). ☐ from unlimited to limited.

1. *PLAINTIFF (name each):*
Chau Chung

*alleges causes of action against DEFENDANT (name each):*
Nathan Kenneth Parsons

2. a. Plaintiff is
(1) ☒ an individual over the age of 18 years.
(2) ☐ a public agency.
(3) ☐ other *(specify):*
(4) ☐ a partnership.
(5) ☐ a corporation.

b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*

3. a. The venue is the court named above because defendant named above is in possession of the premises located at *(street address, apartment number, city, zip code, and county):*
2103 Knox Avenue, Pittsburg CA 94565

b. The premises in 3a are *(check one)*
(1) ☒ within the city limits of *(name of city):* Pittsburg
(2) ☐ within the unincorporated area of *(name of county)*

c. The premises in 3a were constructed in *(approximate year):* 1953

4. Plaintiff's interest in the premises is ☒ as owner ☐ other *(specify)*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*** NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| PLAINTIFF | CASE NUMBER |
|---|---|
| DEFENDANT | |

6\. a. On or about (date): 5/1/2026
defendant (name each):
Nathan Kenneth Parsons

(1) agreed to rent the premises as a [x] month-to-month tenancy [ ] other tenancy (specify):
(2) agreed to pay rent of $ 2,100 payable [x] monthly [ ] other (specify frequency):
(3) agreed to pay rent on the [x] first of the month [ ] other day (specify):

b. This [x] written [ ] oral agreement was made with
(1) [x] plaintiff. (3) [ ] plaintiff's predecessor in interest.
(2) [ ] plaintiff's agent. (4) [ ] Other (specify):

c. [ ] The defendants not named in item 6a are
(1) [ ] subtenants.
(2) [ ] assignees.
(3) [ ] Other (specify):

d. [ ] The agreement was later changed as follows (specify):

e. [x] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

f. [ ] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason)*:
(1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
(2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7\. The tenancy described in item 6 *(check 7a or 7b)*:
a. [ ] is **not** subject to the Tenant Protection Act of 2019 (Civ. Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify)*:
b. [x] is subject to the Tenant Protection Act of 2019.

8\. *(Complete only if item 7b is checked. Check all applicable boxes.)*
a. [x] The tenancy was terminated for at-fault just cause (Civ. Code, § 1946.2(b)(1)).
b. [ ] The tenancy was terminated for no-fault just cause (Civ. Code, § 1946.2(b)(2)) and the plaintiff *(check one)*:
(1) [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
(2) [ ] provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to *(name each defendant and amount given to each)*:

c. [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9\. a. [ ] Defendant *(name each)*: Nathan Kenneth Parsons

was served the following notice on the same date and in the same manner:
(1) [x] 3-day notice to pay rent or quit
(2) [ ] 30-day notice to quit
(3) [ ] 60-day notice to quit
(4) [ ] 3-day notice to quit
(5) [ ] 30-day notice to vacate under the federal CARES Act (15 U.S.C. § 9058(c))
(6) [ ] 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
(7) [ ] 3-day notice to quit under Civil Code, § 1946.2(c). Prior required notice to perform covenants served *(date)*:
(8) [ ] Other *(specify)*:

9. b. (1) On (date): the period stated in the notice checked in 9a expired at the end of the day.
(2) Defendants failed to comply with the requirements of the notice by that date.

c. All facts stated in the notice are true.

d. [x] The notice included an election of forfeiture.

e. [x] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. (Code Civ. Proc., § 1166.) When Civil Code section 1946.2(c) applies and two notices are required, provide copies of both.)*

f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code section 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [ ] The notice in item 9a was served on the defendant named in item 9a as follows:

(1) [ ] By personally handing a copy to defendant on *(date)*:

(2) [ ] By leaving a copy with *(name or description)*:

a person of suitable age and discretion, on *(date)*: at defendant's

[ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence

on *(date)*: because defendant cannot be found at defendant's residence or usual place of business.

(3) [ ] By posting a copy on the premises on *(date)*:

[ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises

on *(date)*:

[ ] because defendant's residence and usual place of business cannot be ascertained OR

[ ] because no person of suitable age or discretion can be found there.

(4) [ ] *(Not for 3-day notice; see Civil Code section 1946 before using.)* By sending a copy by certified or registered mail addressed to defendant on *(date)*:

(5) [ ] *(Not for residential tenancies; see Civil Code section 1953 before using.)* In the manner specified in a written commercial lease between the parties

b. [x] *(Name)*: Jin C Zhu
was served on behalf of all defendants who signed a joint written rental agreement.

c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.

d. [x] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [ ] **Statements regarding rental assistance** *(Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must complete items 11a–d and, if later seeking a default judgment, will also need to file* Verification by Landlord Regarding Rental Assistance—Unlawful Detainer *(form UD-120).)*

a. Plaintiff [ ] has received [ ] has not received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint.

b. Plaintiff [ ] has received [ ] has not received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint.

c. Plaintiff [ ] has [ ] does not have any pending applications for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint.

d. Plaintiff [ ] has [ ] does not have any pending applications for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint.

12. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

13. [x] At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 5,300

14. [ ] The fair rental value of the premises is $ 70 per day.

15. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 15.)*



→

| PLAINTIFF | CASE NUMBER |
|---|---|
| DEFENDANT | |

16. ☐ A written agreement between the parties provides for attorney fees.

17. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

Plaintiff has met all applicable requirements of the ordinances.

18. ☐ Other allegations are stated in Attachment 18.

19. Plaintiff accepts the jurisdictional limit, if any, of the court.

20. **PLAINTIFF REQUESTS**

a. Possession of the premises.
b. Costs incurred in this proceeding.
c. ☒ Past-due rent of $ 6,300
d. ☐ Reasonable attorney fees.
e. ☐ Forfeiture of the agreement.
f. ☐ Damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. ☐ Damages at the rate stated in item 14 from *date:* for each day that defendants remain in possession through entry of judgment.
h. ☐ Statutory damages up to $600 for the conduct alleged in item 15.
i. ☐ Other *(specify)*:

21. ☐ Pages attached *(specify number of pages)*:

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

22. *(Complete in all cases.)* An unlawful detainer assistant ☒ did **not** ☐ did for compensation give advice or assistance with this form. *(If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date)*:

Date: 8/7/26

Chau Chung
(Type or Print Name)

▶ [signature]
(Signature of Plaintiff or Attorney)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/7/26

Chau Chung
(Type or Print Name)

▶ [signature]
(Signature of Plaintiff)



Print Save Clear

Califo
(name(s)) Nathan Kenneth Parso
Tenants in possession of the premises
2103 Knox Avenue
Street address
County of Contra Costa
PLEASE T